FILED

JUN 10 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| In re: LOOP 76, LLC,<br><br>        Debtor,<br><br>WELLS FARGO BANK, NA,<br><br>        Appellant,<br><br>  v.<br><br>LOOP 76, LLC,<br><br>        Appellee. | No. 12-60021<br><br>BAP No. 11-1094<br><br>MEMORANDUM[*] |

Appeal from the Ninth Circuit
Bankruptcy Appellate Panel
Kirscher, Williams, and Jury, Bankruptcy Judges, Presiding

Argued and Submitted April 7, 2014
San Francisco, California

Before: KLEINFELD, NGUYEN, and WATFORD, Circuit Judges.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Wells Fargo challenges the confirmation of the reorganization plan under Chapter 11 of debtor Loop 76, LLC. We have jurisdiction over this appeal from the Bankruptcy Appellate Panel ("BAP") under 28 U.S.C. § 158(d). "This court reviews decisions of the BAP *de novo*, and thus reviews the bankruptcy court's decisions under the same standards used by the BAP." Arrow Elecs., Inc. v. Justus (In re Kaypro), 218 F.3d 1070, 1073 (9th Cir. 2000). Findings of fact are reviewed for clear error; legal conclusions are reviewed *de novo*. Sigma Micro Corp. v. Healthcentral.com (In re Healthcentral.com), 504 F.3d 775, 783 (9th Cir. 2007).

Before addressing the merits of this appeal, we must decide whether it is equitably moot. We hold that it is not, but because the bankruptcy court did not clearly err in finding that Genesee Funding held a secured claim and voted in good faith to accept the plan, we affirm confirmation of the plan.

### 1. Equitable Mootness

Loop 76 has moved to dismiss this appeal as equitably moot, arguing that the plan has been substantially consummated and that unwinding it now would unfairly prejudice claimholders not party to this suit who have been paid under the

plan. Although Wells Fargo contends that Loop is judicially estopped from making such an argument, we are nevertheless bound to confront the issue for the benefit of third parties not before the court for whom the doctrine of equitable mootness was designed. 13B FEDERAL PRACTICE AND PROCEDURE § 3533.2.3 (3d ed.) ("Bankruptcy appeals provide numerous examples of the need to protect third-party interests arising from substantial implementation of a reorganization plan pending appeal.").

The crux of the matter is whether "modification of the plan of reorganization would bear unduly on the innocent," and "most importantly," whether on remand the bankruptcy court is "able to devise an equitable remedy" that does not completely "knock[ ] the props out from under the plan." Motor Vehicle Cas. Co. v. Thorpe Insulation Co. (In re Thorpe Insulation Co.), 677 F.3d 869, 881–83 (9th Cir. 2012).

In its opposition to the motion to dismiss, and at oral argument, Wells Fargo stated that it is not asking for third-party claimholders to disgorge payments they received under the plan. Wells Fargo also committed itself to refunding all payments it has received under the plan. With these assurances from Wells Fargo

3

we are satisfied that no third parties would be unfairly affected and that the bankruptcy court could fashion an appropriate remedy. Id.; see also In re 203 N. LaSalle St. P'ship, 126 F.3d 955, 961 (7th Cir. 1997) (holding that appeal was not equitably moot where creditor sought to foreclose on the property, but did not seek to reverse lease agreement with tenant and agreed to return payments it received and repay investors), rev'd on other grounds, 526 U.S. 434 (1999).

### 2. Genesee Claim

Wells Fargo challenges the bankruptcy court's findings that Genesee Funding held a secured claim. Genesee and Loop signed a letter that outlined financing terms for the purchase of maintenance equipment and specified that equipment purchased using the loan proceeds would serve as security. It is true that the financing letter did not precisely lay down every term of the agreement. But, under Arizona law, certainty of terms goes to the question of "whether the parties manifested assent or intent to be bound." Schade v. Diethrich, M.D., 760 P.2d 1050, 1058 (Ariz. 1988). Here, Genesee delivered maintenance equipment with Loop's knowledge and approval, indicating that the parties intended to form a binding agreement. Id. at 1059 ("The fact that one of the parties, with the knowledge and approval of the other, has begun performance is nearly always

4

evidence that they regard the contract as consummated and intend to be bound thereby.") (internal quotations omitted).  And because the letter "reasonably identifie[d]" the category of collateral securing the loan (maintenance equipment), it qualifies as an enforceable security agreement.  Ariz. Rev. Stat. Ann. § 47-9108(A), (B).  Thus, there was a substantial evidentiary basis for the bankruptcy court's findings of fact, and they were not clearly erroneous.

Wells Fargo also faults the bankruptcy court for failing to make an explicit finding as to whether Genesee's vote should have been designated under § 1126(e). 11 U.S.C. § 1126(e) (bankruptcy court may designate an entity whose vote was not made or procured in good faith or in accordance with Title 11).  But the bankruptcy court did find that the plan was proposed in good faith, that the plan complied with Title 11, and that the Genesee class accepted the plan.  By making these express findings, the bankruptcy court implicitly found that Genesee voted in good faith to accept the plan and that Genesee's vote need not be designated.  See 11 U.S.C. § 1126(c) (acceptance of plan by class cannot be based on acceptance by entity designated under § 1126(e)); Brady v. Andrew (In re Commercial W. Fin. Corp.), 761 F.2d 1329, 1334 (9th Cir. 1985) (holding that, despite absence of express finding of whether claims placed in the same class were substantially similar,

5

bankruptcy court implicitly made such finding when it found the plan complied with Chapter 11). The bankruptcy court's good-faith finding was not clearly erroneous.

* * *

Finally, Wells Fargo challenges the separate classification of its unsecured claim from the class of general unsecured creditors, which Wells Fargo argues is impermissible gerrymandering. Resolution of this issue, however, would not change the result in this case so we decline to reach it.

A reorganization plan can be confirmed, notwithstanding dissent from some classes, so long as at least one impaired class of claims approves of the plan. 11 U.S.C. § 1129(b)(1). Here, the Genesee class, which was impaired, voted to accept the plan. Even if Wells Fargo's unsecured claim were to be classified with the other unsecured claims (and that class were to reject the plan), Genesee's vote in favor of the plan would still allow the plan to be confirmed.

The motion to dismiss the appeal as moot is **DENIED** and the judgment of the Bankruptcy Appellate Panel is **AFFIRMED**.